Loring, J.,
delivered the opinion of the court:
By the contract the petitioners were to' cut, on the reservation for Indian purposes on the Truckee JEtiver, logs sufficient to make 1,500,000 feet .of timber, with the privilege of doubling the amount if they saw fit,’ and they were to bank, put into the river, and run and deliver the logs in the pond or reservoir of the mill which the Government was erecting for sawing the logs, and for this the petitioners weré to be paid at the rate of $12 per thousand feet in coin.
And by the provisions of tlie contract the petitioners were to receive, as an advance of part of the price, $9,000 in coin per 1,500,000 feet of logs banked on the river, and for this service they have been paid the price stipulated.
And on the contract the petitioners now specify two items of claims:
1. The contract-price of 1,500,000 feet banked, less the sum paid, and the balance they claim to be. $9, 000
2. The contract-price for 900,000 feet cut, less the cost of delivering them, &c...'. 6,300
Making in all. 15,000 30 c
*466 And the ground of claim is that the United States prevented the performance of the contract, and therefore the petitioners are entitled to the contract-price, less the cost of completing the contract. The claim thus stated would be subject to these reductions : First, the cost of running the 1,500,000 feet banked from the bank down the river and delivering them in the pond or reservoir; and, secondly, the cost not only of hauling the 900,000 to the bank, but of running them also down the river and delivering them at the reservoir, and making booms for the timber there. But we think the whole claim is barred by the statute of limitations, for the right of action accrued when the United States gave notice to stop the performance of the contract$ and the fact is found that this was in 1864, and the petition was filed April 4,1871. The notice to stop the performance of the contract was given by Mr. Nye. He ceased to be governor of or officer for Nevada, and became a Senator of the United States when Nevada was admitted into the Union, and that was the 10th of November, 1864, and his official acts on the contract must have been before then •, and all the witnesses testify to the cutting of wood in 1863 and 1864, and specify no later time, and the inference is the notice was given and the cutting ceased in the latter year. The petition states that the claim was presented to the Department of Indian Affairs, and was rejected there in 1868, but, as has heretofore been decided, the pendency of a claim in a Department does not prevent or bar the action of the statute of limitations.
The judgment of the court is that the petition be dismissed.